UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| UNITED STATES OF AMERICA | § | Claim No: 1998A12395 |
|---|---|---|
| | § | |
| vs. | § | |
| | § | |
| Lauretta Dukes | | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

### Jurisdiction

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2. The defendant is a resident of Wayne County, Michigan within the jurisdiction of this Court and may be served with service of process at 18641 St. Louis Street, Detroit, Michigan 48234.

### The Debt

3. The debt owed the USA is as follows:

| | |
|---|---:|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $1,465.57 |
| B. Current Capitalized Interest Balance and Accrued Interest | $2,964.30 |
| C. Administrative Fee, Costs, Penalties | $0.00 |
| D. Credits previously applied *(Debtor payments, credits, and offsets)* | $0.00 |

    E. Attorneys fees                                                  $0.00

**Total Owed**                                                      $4,429.87

The Certificate of Indebtedness, attached as Exhibit A", shows the total owed excluding attorney's fees and CIF charges. The principal balance and the interest balance shown on the Certificate of Indebtedness is correct as of the date of the Certificate of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 8.000% per annum.

### Failure to Pay

4. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

    A. For the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 that interest on the judgment be at the legal rate until paid in full;

    B. For attorneys' fees to the extent allowed by law; and,

    C. For such other relief which the Court deems proper.

Respectfully submitted,

By: s/Charles J. Holzman (P35625)
Holzman Corkery, PLLC
Attorneys for Plaintiff
Tamara Pearson (P56265)
28366 Franklin Road
Southfield, Michigan 48034
(248) 352-4340
usa@holzmanlaw.com

U.S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS

LAURETTA DUKES
AKA: N/A
13545 STEEL
DETROIT, MI. 48227

Total debt due United States as of 02/12/98 : $ 2,715.88

I certify that U.S. Department of Education records show that the debtor named above is indebted to the United States in the amount stated above, plus additional interest on the principal balance of $ 1,465.57 from 02/12/98 at the annual rate of 8.00 percent. Interest accrues on the principal amount of this debt at a rate of $ 0.32 per day.

The claim arose in connection with a Government insured or guaranteed loan made by a private lender and assigned to the United States.

On 06-03-85, the debtor executed promissory note(s) to secure the loan(s) from FIRST FEDERAL OF MICHIGAN, DETROIT, MICHIGAN, under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note(s) and on 03-01-86 the debtor defaulted on the obligation.

Pursuant to 34 C.F.R. 682.202 and/or terms of the promissory note(s) the holder(s) capitalized interest accrued to the original lender in the amount of $ 140.32 thereby increasing the principal balance due to $ 1,465.57.

After application of the last voluntary payment of $0.00 which was received on N/A the debtor now owes the following :

| | |
|---|---|
| Principal: | $ 1,465.57 |
| Interest: | $ 1,250.31 |
| Administrative/ Collection Costs: | $ 0.00 |
| Penalties: | $ 0.00 |

CERTIFICATION: Pursuant to 28 U.S.C. Section 1746, I certify under penalty of perjury that the foregoing is true and correct.

2/26/98
(Date)

_____
Loan Analyst-Litigation Branch

FA-4514 9/83

**MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORITY**
**GUARANTEED STUDENT LOAN**
INTERIM NOTE

Dukes, L

Date: __June 3, 1985__

On __October 1,__ 19__86__ or on such accelerated or extended maturity date as provided for herein, for value r the undersigned promises to pay to __First Federal of Michigan__

hereinafter called the Holder or order the principal sum of $ __2,276.00__
together with interest thereon from the date of disbursement of this loan at the rate of __8__ % per annum. The unde hereinafter called the Maker, shall pay such principal and interest at the office of the Holder __1001 Woodward Avenue Detroit, Michigan 48226__

or at such other place as the Holder hereof shall designate to the Maker in writing in lawful money of the United States of A

**COMPLETE: MULTIPLE DISBURSEMENT ONLY**

| ANNUAL INTEREST RATE | COSTS OF LOAN | Disbursement Schedule | Estimated Date of Disbursement | Loan Amount | Prepaid Finance Charge | | A Di.. |
|---|---|---|---|---|---|---|---|
| The cost of your credit as a yearly rate. | $ __28.45__ Insurance Premium (1% per annum of loan amount) | | | | Insurance Premium | Origination Fee | |
| Prior to repayment __8.00__ % | During repayment __8.00__ % | $ __113.80__ Origination Fee (5% of loan amount) | First | | | | |
| | | | Second | | | | |
| | $ __142.25__ TOTAL COST | Third | | | | | |
| | | TOTALS | | | | | |

BEST COPY AVAILABLE
AT TIME OF IMAGING

**ACKNOWLEDGEMENT**

The Maker acknowledges having read and understood this Interim Note, including the above disclosure statement and the rights and responsib on the reverse side, and acknowledges receipt of an exact copy of this Note at the time of execution of the Note. Principal amount of the loan interest if any, may be paid at maturity or prior to maturity at the option of the Maker by remitting payment in full or by arranging wit Holder of the Note a monthly repayment schedule. The repayment schedule shall call for an interest charge which does not exceed the interest c on this Note and any cosigner on this Note is equally liable during the repayment period.

The Maker acknowledges, if Maker and Holder agree, an installment repayment schedule may be executed calling for repayment to begin earlie the maturity date of this Note and for payments which exceed the $600 minimum or five year minimum term. In instances of such agreeme grace period may not be restored; however, the Maker may at any time refinance this Note to the extent that the Maker may have a total Note of at least five years but not more than ten years.

**Costs of Loan:** The Maker agrees to pay the Holder, in addition to interest and principal due, an amount equal to the premium that the Ho required to pay to the Michigan Guaranteed Student Loan Program, in order to have the Note covered by its insurance program, and such prem immediately due and payable. The Maker further agrees to pay an Origination Fee, authorized by Federal Law. Th                   ee Premiu the Origination Fee, calculated on the amount of the loan shall be paid at t
If the loan is disbursed in multiple installments, the amount of insurance pr                                                 amou              Maker disbursement. The amount of the Origination Fee may at the Holder's option                                                           sburse the amount of loan disbursed at each disbursement.
The Insurance Premium and the Origination Fee are refundable only if the                  ck is returned to the                            is disbu multiple installments and the full amount of the Origination Fee is charged on                                                         tion Fe be refunded if subsequent installments are not made.

**Late Charge:** If the Holder presents the Maker with a repayment schedule upon                                                         e on each ment delinquent for a period exceeding ten days in an amount not exceeding 5%                                                        less. This pr shall not be deemed to extend the note due date or to grant any period of grace.

**Acceleration:** The Maker agrees, (1) if he or she reduces his or her course of study to less than half time status or                   school not partici under terms of the Michigan Guaranteed Student Loan Program, that the matu                                                           rity da 7% loan shall be not less than nine months nor more than twelve months after the date of the occurrence of either event of acceleration. The acce maturity date on a loan with an interest rate greater than 7% shall be six months after the date of the occurrence of either event of acceleration.

**Extension:** The Maker further agrees that if the expected completion of studies date changes during the period of this loan and that if a period of le half time enrollment status at a participating school or non-attendance at any school or enrollment at a non-participating school does not exc maximum grace period, the maturity date of this Note may be ex              he new grace period for loans evidenced by a Note at a 7% rate of inter not be less than nine months nor mor                                                                                     e. The new grace period for loans evidenc Note at a rate greater than 7% shall b   DUKES,LAURETTA,                            er is eligible and applies and receives a de

**Deferment:** Once the maturity date   CLAIM NO 199305009542 6 02-22-93          rated on the reverse side of this Note of payments as authorized by considered as part of this Note.
                                                                                    lucational expenses attendant to his or he
**Maker:** The Maker promises to (1) us

**Maker:** The Maker promises to (1) us_____ _____lucational expenses attendant to his or dance at the participating school at which the Maker is accepted for enrollment or is already enrolled on this date and (2) send written not Holder and to the Michigan Guaranteed Student Loan Program of any changes occurring in enrollment status, home address or the occurren event which would cause the Holder to declare this note in default.

If the Maker dies or becomes permanently and totally disabled, the indebtedness shall be paid in full to the Holder by the Michigan G Student Loan Program on behalf of the Maker. If the Maker shall default on this note by reason of delinquency, the unpaid balance shall, at t of the Holder, become immediately due and payable without notice or demand and if the Holder shall incur any extra costs or expenses in c with collections thereof, there shall additionally come due from the Maker all reasonable expenses and attorney fees and the Holder may take for all such sums. In the event of default the Holder may report the default to a credit bureau. The Michigan Guaranteed Student Loan Program this loan to a collection agency. If this loan is referred to a collection agency, subject to the Fair Debt Collections Practices Act, the Maker will l to payment of collection costs which do not exceed 25% of the unpaid principal and accrued interest.

The Maker acknowledges that he or she is legally obligated, under Section 8, Act No. 77 of the Public Acts of 1960, for the payment of the though he or she may be under eighteen (18) years of age. No _____ of the Holder or Guarantor hereof in excercising any of it powers, or rights or partial or single exercise thereof, shall constitute a waiver of any of such powers, options, or rights.

The borrower rights, as listed on the reverse side, pertain to this loan and are incorporated as part of this Note.

CO-SIGNER SIGNATURE _____  MAKER SIGNATURE X _Lauretta Dukes_

TYPED NAME _____  TYPED NAME ___Lauretta Dukes___

ADDRESS _____  ADDRESS ___4181 Burns Apt. 2___

CITY _____ STATE _____ ZIP _____  CITY __Detroit__ STATE __MI__ ZIP __

SOCIAL SECURITY NO. ☐☐☐-☐☐-☐☐☐☐   SOCIAL SECURITY N

## NOTE ENDORSEMENT BY MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORITY

The undersigned, as endorser, guarantees payment FEB 1 1980 of the unpaid principal balance to the Holder in the event th permits this note to become in default as defined by regulations of the Michigan Higher Education Assistance Authority. event of default, the Maker's obligation to the Holder is transferred to the Michigan Higher Education Assistance Authority.

MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORI'

Authorized Official ___Patrick Cummins___

**LENDER COPY**

BEST COPY AVAILABLE AT TIME OF IMAGING

## DEFERMENT OF PAYMENT

nt may be deferred and federal interest subsidy continued if the Maker [...] deferrable situation and requests deferment of payments by submitting appropriate estation of the deferrable conditions on a timely basis. If the Maker was eligible for federal interest subsidy, such subsidy shall continue during the deferment period.

deferment, not in excess of three years may be granted if the Maker is:
- In the Armed Forces of the United States.
- In full-time service as a volunteer in a program under Title I of the Domestic Volunteer Service Act of 1973.
- In full-time service as a volunteer for an organization which provides service comparable to the Peace Corps or VISTA and which is exempt from taxation under Section 501(6) of the IRS Code of 1954.
- In service as a full-time volunteer for the Commissioned Corps of the Public Health Service.
- In service as an Officer in the Commissioned Corps of the Public Health Service.
- In the Peace Corps.
- Temporarily totally disabled as established by sworn affidavit of a qualified physician or during which the Maker is unable to secure employment by reason of care required by a spouse who is so disabled.

deferment, not in excess of 24 months, may be granted if the Maker is serving an internship, the successful completion of which is required in order to receive professional recognition required to begin professional practice.

deferment, not in excess of 12 months, may be granted if the Maker is seeking and is unable to find full-time employment. The unemployment deferment may be used for no more than one period of unemployment.

deferment may be granted for any period during which the Maker is:
1. Pursuing a full-time course of study at a participating school.
2. Pursuing a course of study under a graduate fellowship program approved by the Secretary of the United States Education Department.
3. Pursuing a course of study under a rehabilitation training program for disabled individuals that is approved by the Secretary of the United States Education Departme

## MICHIGAN GUARANTEED STUDENT LOAN PROGRAM
### Statement of Student Borrower Rights and Responsibilities

d this statement thoroughly. A guaranteed loan is a serious legal obligation. Make sure that you understand your responsibilities and the options which are avai you. When you sign this note, you are stating that you understand your rights in the program and your responsibilities and that you agree to honor t yearly and cumulative maximum loan amounts as established by the Michigan Guaranteed Student Loan Program are:

| Category of Borrower | Loan Limit Per Academic Year | Aggregate Loan Limit |
|---|---|---|
| Undergraduate or Vocational | $2,500 | $12,500 |
| Graduate or Professional | $5,000 | $25,000 (includes undergraduate loans) |

ese loan limits include any guaranteed student loans provided for under Title IVB of the Higher Education Act of 1965, as amended, i.e., loans guaranteed by other sta private non-profit guarantee agencies, such as United Student Aid Funds, Inc. or by the Federally Insured Student Loan Program. If this is the case, your lender must provi ur lender may have loan limits which are less than those established by the Michigan Guaranteed Student Loan Program. with a copy of the lender's loan limits.

### ORROWER'S RIGHTS

understand:
1. That my lender must provide me with a copy of the executed Promissory Note when the loan is disbursed. The note will be returned to me when the loan is paid in
2. That if I have a loan which bears a 7% interest rate or less on the date I sign the Promissory Note for this loan or any subsequent loan, this loan and any subsequ loan will also be at the 7% rate. I will also be entitled to a 9 to 12-month grace period. The exact length of the grace period is set by the lender. If I am a first time borrower or have an outstanding loan with an applicable rate of interest higher than 7%, but not in excess of 9%, the applicable rate of inte on this loan will be 9%, unless the Secretary of Education has announced that the rate to be charged is 8%. In all cases, the applicable rate of 9 or 8% is six mor subsequent loans will be the same as the rate charged as the applicable rate on [...] ce period on all loans with an applicable rate of 9 or 8% is six mor
3. That the grace period [...] begins on the first day following the date I cease attending a participating school on at least a half-time basis.
4. That the lender may [...] a cosigner on the Promissory Note. The cosigner, if required, must meet the lender's established criteria for credit-worthine required by the Federal [...] Credit Opportunity Act.
5. That this loan must [...] within 15 years of the date of this Promissory Note, over a repayment period of not less than five years nor more than ten y however, the [...] riod will be shortened by the number of years I remain in school beyond four
   a) If I stay in [...] of more than [...] a shorter repayment period [...] may grant me a shorter period. I may later choose to have the repayment
   b) If, during [...] extended to [...]
   c) The lender [...] maximum monthly payment of $50. If this required $50 payment, or if my spouse also has an outstanding guaranteed loa combined [...] may pay the [...] computation of the 15 years overall limit or the five to ten year repayment
   d) Any period [...] the whole loan or any portion of the loan at any time without penalty, i.e., no points, premiums or discount will be charged
6. That I have a [...] with a payment coupon book, any advance payment I may make must be in multiples of the amount of each coupon. If my lender has pro [...] normally will pay the interest that accrues on the loan before the repayment period, during any authorized deferment perioc
7. That the Federal Government is paying the interest on my behalf, the lender may not collect or attempt to collect this interest from me.
8. That if I meet certain requirements, I have a right to defer payments on the loan as set forth under Deferment in the Promissory Note.
9. That the Michigan Guaranteed Student Loan Program does provide forbearance deferment for my benefit if agreed upon by both my lender and the GSL P If forbearance is granted, unlike Authorized Deferment, I understand that I am responsible for payment of interest which accrues during the fork period. Any period of forbearance will not be included in the computation of the [...] limit or the five to ten year repayment period.
10. That if I should die or become totally and permanently disabled, my student loan obligation will be cancelled. The GSL Program does _not_ have provisior enable this loan to be cancelled or forgiven in whole or in part for teaching.
11. That the loan check must be payable either to me or jointly payable to me and the school. The loan check will require my endorsement, and if jointly pay school's endorsement, but unless I am attending a foreign school, the lender may mail the check to the school on my behalf. At the option of school offic proceeds made available to me may include only the remaining balance after the school has deducted loan proceeds covering costs of attendance owed to t over the academic year for which substantially all of the school's students have been billed.
12. That I should have interview with my lender regarding loan repayment prior to the due date of my loan. I must either pay my loans in full or, at my option, si installment payment schedule which will enable me to retire my loans by making regularly scheduled installment payments.
13. That if my lender sells the loan or otherwise transfers the right to receive payment, I must be sent a clear notification to my last known address by the [...] obligation to the party to which my loan was sold.

AT TIME OF IMAGING

9. That the Michigan Guaranteed Student Loan Program... If forbearance is granted, unlike Authorized Deferment, I understand that I am responsible for pa... period. Any period of forbearance will not be included in the computation of the _____ of _____ limit or the five to ten year repayment period.
10. That if I should die or become totally and permanent disabled, my student loan obligation will be cancelled. The GSL Program does *not* have provision: enable this loan to be cancelled or forgiven in whole or in part for teaching.
11. That the loan check must be payable either to me and the school. The loan check will require my endorsement, and if jointly paya school's endorsement, but unless I am attending a foreign school, the lender may mail the check to the school on my behalf. At the option of school offici proceeds made available to me may include only the remaining balance after the school has deducted loan proceeds covering costs of attendance owed to th over the academic year for which substantially all of the school's students have been billed.
12. That I should interview with my lender regarding loan repayment prior to the due date of my loan. I must either pay my loans in full or, at my option, sig installment payment schedule which will enable me to retire my loans by making regularly scheduled installment payments.
13. That if my lender sells the loan or otherwise transfers the right to receive payment, I must be sent a clear notification to my last known address by the p which spells out my obligation to the party to which my loan was sold.
14. That I may request that my Guaranteed Student Loans, as well as my National Defense/Direct Student Loans and Health Education Assistance Loans, be cons into one longer term loan to be made by the Student Loan Marketing Association (SLMA) if I have outstanding a total of more than $5,000 of these loar under more than one program or from more than one lender or insured by more than one guarantor. Also, if I have guaranteed loans in excess of $7,500 f Michigan program, I may request SLMA to consolidate them into a new loan. Additional details on how this would affect my payment schedule and inter are available from the Student Loan Consolidation Center, P.O. Box 1800, Merrifield, Va., 22116.
15. That default occurs when I fail to make an installment payment when due or to meet other terms of the promissory note and the Michigan Guaranteed Loan Program finds it reasonable to conclude that I no longer intend to honor my repayment obligation, provided my failure persists for 120 days if I monthly installments or if I fail to negotiate an installment promissory note, or 180 days if I repay installments due less frequently than monthly. If I def lender will ask the Michigan Guaranteed Student Loan Program to purchase my loan, at which time I will owe the entire balance of the loan to the I Guaranteed Student Loan Program. My lender may report my failure to pay the loan to a credit bureau which will injure my credit rating. Also, if I desire to school I will be ineligible to receive any State of Michigan financial aid. This includes grants, scholarships, and additional guaranteed loans. If I am unwilling to repay my loans, the State of Michigan will apply any State Income Tax refunds to my loan balance and will institute legal action to force re of my loans.
16. The Michigan Guaranteed Student Loan Program has on file a copy of the Federal and State Laws and Regulations that govern the Guaranteed Student Loan I I have a right to examine these materials if I wish.
17. I should investigate the availability of other forms of financial aid with the school's financial aid administrator. I understand that receipt of this loan may or reduce any grant, work/study or other forms of assistance which I may have been eligible to receive.

**BORROWER'S RESPONSIBILITIES**

I Understand:
1. That I must use care in choosing a school — Each school must provide a prospective student with information about the school and the program. I un that neither the United States Government nor the Michigan Guaranteed Student Loan Program vouches for the quality of a school or its p

2. That I must repay the loan when the inschool promissory note matures in accordance with the terms of the repayment schedule which my lender will I must, without exception, immediately report any change which affects my loan status to both the lender and the Michigan Guaranteed Student Loan Box 30047, Lansing, Michigan 48909.
Changes which must be reported:
   a) If I fail to enroll in school for the period for which the loan was intended.
   b) If I transfer to another school.
   c) If I withdraw from school, attend less than half-time or graduate earlier than anticipated.
   d) If my permanent address or my parents address changes.
   e) If my name changes (for example, because of marriage).
   f) If I am on in-school deferment and attend less than full-time.
3. If I qualify for a deferment of payments, I must obtain the necessary forms to process the deferment request and if on deferment, must notify the Guaranteed Student Loan Program when the deferment condition terminates.
4. I must use the loan proceeds for tuition and other reasonable authorized expenses — including room and board, fees, books, supplies and equipment, expenses, and commuting costs incurred to attend the school named for the period indicated on the loan application.

BEST COPY AVAILABLE AT TIME OF IMAGING

I CERTIFY UNDER PENALTY OF PERJURY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL PROMISSORY NOTE

_____  _____
NAME                      DATE